**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:23-cv-08036-JLR

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

EAT FOOD DISTRIBUTORS, LLC d/b/a
EAT FOOD CSA,

    Defendant.

---

## DECLARATION OF DANIEL DESOUZA

Daniel DeSouza does hereby declare pursuant to 28 U.S.C. § 1746:

1. I submit this declaration in support of plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.'s ("Plaintiff") Motion for Default Final Judgment against defendant Eat Food Distributors, LLC d/b/a Eat Food CSA ("Defendant"). This declaration and the facts stated herein are based upon my personal knowledge.

2. On September 11, 2023, Plaintiff filed its Complaint in this action. The Complaint contains a single cause of action for copyright infringement against Defendant. See D.E. 1.

3. On September 26, 2023, Defendant was served with a copy of the Summons and Complaint in this action. See D.E. 9. Defendant was served by personal service on Nancy Dougherty, an agent in the Office of the Secretary of State of the State of New York who was authorized to accept service on behalf of Defendant.

4. Despite proper service being effectuated, Defendant never filed an Answer or responsive pleading.

5. On October 18, 2023 (following expiration of Defendant's response deadline), Plaintiff filed its Request for Clerk's Certificate of Entry of Default. See D.E. 12.

6. There is no substantive procedural history beyond service of the summons and complaint.

7. There is only one defendant in the case, so the Court may appropriately order a default judgment on this issue of damages.

8. An inquest into damages is unnecessary. "A damages hearing, while authorized by Rule 55(b)(2), is not mandatory. Together, Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is necessary and proper to hold an inquest on damages. As such, a hearing is unnecessary so long as (i) the Court has determined the proper rule for calculating damages, and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment[.]" See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. B&L Moving & Installation, Inc., No. 16-CV-4734 (GBD) (JLC), 2017 U.S. Dist. LEXIS 157756, at *7 (S.D.N.Y. Sep. 26, 2017) (internal quotations omitted) (*relying on the following cases*: Trs. of Sheet Metal Workers' Int'l Ass'n Local Union No. 28 Benefit Funds v. Maximum Metal Mfrs., Inc., No. 14-CV-2890 (JLC), 2015 U.S. Dist. LEXIS 134669, at *4 (S.D.N.Y. Oct. 2, 2015); Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993); TigerCandy Arts, Inc. v. Blairson Corp., No. 09-CV-6215 (GBD) (FM), 2012 U.S. Dist. LEXIS 35269, 2012

WL 760168, at *1 (S.D.N.Y. Feb. 23, 2012)). Here, Plaintiff has provided relevant law illustrating that a default judgment against the Defendant is proper. The Plaintiff's evidence establishing with certain certainty the basis for the damages specified in the default judgment (Plaintiff's licensing structure), and the Court can determine the proper rule for calculating damages.

9. I have been a member in good standing of the New York Bar since 2005 and the Florida Bar since 2006. I am one of two principal partners of the law firm CopyCat Legal PLLC ("CopyCat Legal"), which has provided legal services to Plaintiff in this action throughout the pendency of this action.

10. I am a 2004 graduate of the George Washington University Law School and am admitted to the Florida Bar, the New York Bar, and the District of Columbia Bar. I am likewise admitted to several federal courts throughout the country, including: (a) the United States Court of Appeals for the Eleventh Circuit; (b) the United States Court of Appeals for the Eighth Circuit; (c) the United States Court of Appeals for the Tenth Circuit; (d) the United States District Court for the Southern District of Florida; (e) the United States District Court for the Middle District of Florida; (f) the United States District Court for the Northern District of Florida; (g) the United States District Court for the Southern District of Texas; (h) the United States District Court for the Eastern District of Texas; (i) the United States District Court for the Southern District of New York; (j) the United States District Court for the Eastern District of New York; (k) the United States District Court for the Northern District of New York; (l) the United States District Court for the Western District of Arkansas; (m) the United States District Court for the District of Nebraska; (n) the United States District Court for the District of New Mexico; (o) the United States District Court for the District of Colorado; (p) the United States District Court for the Eastern District of Michigan; (q) the United States District Court for the Western District of Michigan; (r) the United

States District Court for the Northern District of Illinois; (s) the United States District Court for the District of Maryland; (t) the United States District Court for the Western District of Texas; (u) the United States District Court for the Eastern District of Missouri; (v) the United States District Court for the District of Columbia; (w) the United States District Court for the Western District of Pennsylvania; (x) the United States District Court for the Eastern District of Oklahoma; (y) the United States District Court for the Central District of Illinois. I previously worked at Milbank, Tweed, Hadley & McCloy LLP (from 2004 – 2010) and Becker & Poliakoff, PA (from 2010 – 2014) before forming DeSouza Law, P.A. in 2014 and CopyCat Legal in 2019.

11. Since 2004, my practice has principally focused on business/complex commercial and intellectual property litigation. During that time, I have served as counsel of record in dozens of copyright infringement, trade secret, and trademark infringement lawsuits. In total, I have served as counsel of record in approximately 400 federal civil and/or bankruptcy actions and 250+ state court lawsuits in Florida/New York.

12. In addition to myself, a first-year associate (Meghan Medacier) also billed time on this matter. She is a 2021 graduate of The University of Florida Levin College of Law, where she served on law review. She previously worked at Cole, Scott & Kissane, P.A. prior to joining CopyCat Legal in 2023. She is admitted to the Florida Bar, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, and the United States District Court for the District of Colorado.

13. The purpose of this declaration is to memorialize the fees for legal services, costs, and expenses provided by CopyCat Legal in the above-captioned case through the present date.

14. CopyCat Legal establishes standard hourly rates for services provided by its attorneys. These rates are within the range charged by other lawyers in South Florida and are fair and reasonable rates for this type of work.

15. I am familiar with the services provided to Plaintiff in this action and the rates charged for such work.

16. The attorneys and paralegals at CopyCat Legal record the time spent on matters contemporaneously on electronic billing software/time sheets. Each time entry includes the date the work is performed, the client and matter numbers, the time spent, and a brief description of the nature of the work performed.

17. Through the present date, I expended 1.70 hours of attorney time in prosecuting this matter on Plaintiff's behalf and our associate attorney (Meghan Medacier) expended 5.90 hours of attorney time in prosecuting this matter on Plaintiff's behalf. This includes the time spent to investigate the alleged infringement, drafting an initial notice letter to Defendant, drafting the Complaint in this matter, attempting service, drafting the Motion for Clerk's Default, drafting the Motion for Entry of Default Judgment, and drafting the exhibits/supporting declarations for such motion. All of these time entries are reflected in CopyCat Legal's billing records that are being provided in connection herewith as **Exhibit "1."**

18. My billable rate for copyright/intellectual property matters at CopyCat Legal is $450.00 per hour and the rate for an associate attorney is $325.00 per hour. This rate is within the range constituting the "forum rate" generally applied by courts in the New York federal courts for attorneys of similar experience. See Farrington v. Jewish Voice Inc., No. 21-CV-1575 (NGG) (AYS), 2022 U.S. Dist. LEXIS 21812, at *15 (E.D.N.Y. Feb. 7, 2022) ("In copyright cases, courts

in this district have approved rates between $350 and $500"); Pyatt v. Raymond, 2012 U.S. Dist. LEXIS 58879, at *16 (S.D.N.Y. Apr. 25, 2012) (collecting cases approving $400 to $650 hourly rates for partners in copyright and trademark cases); Bass v. Diversity Inc. Media, No. 19-cv-2261 (AJN), 2020 U.S. Dist. LEXIS 93318, at *14 (S.D.N.Y. May 28, 2020) ("A review of cases in this District and in the Eastern District of New York suggests that courts have approved associate rates of $350 and up to $500 for partners in copyright cases."); Tetra Images, LLC v. Grahall Partners, LLC, No. 19-CV-05250 (PMH), 2021 U.S. Dist. LEXIS 125809, at *10-11 (S.D.N.Y. July 6, 2021) (in copyright infringement case, finding $475.00 hourly rate for managing partner in Florida and $450.00 hourly rate for partner in New York office to be reasonable); McLaughlin v. IDT Energy, No. 14 CV 4107 (ENV)(RML), 2018 U.S. Dist. LEXIS 128347, at *51-53 (E.D.N.Y. July 30, 2018) (finding award of rates typical to the Eastern District and noted to be: "$550 for partners/equity owners with more than thirty years of experience, $500 for partners/equity owners with more than fifteen years of experience, $450 for partners/equity owners with more than ten years of experience, $400 for senior associates/associates with more than ten years of experience, $350 for senior associates/associates with six to nine years of experience, $300 for associates with three to five years of experience, $250 for associates with fewer than three years of experience"); Schwartz v. United States DEA, No. 13-CV-5004 (CBA) (ST), 2019 U.S. Dist. LEXIS 34165, at *26-27 (E.D.N.Y. Mar. 1, 2019) (awarding $500 hourly fee to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation); Nat'l Envtl. Saf. Co. v. Katz, No. 18-cv-02161 (JMA) (GRB), 2019 U.S. Dist. LEXIS 76044, at *5 (E.D.N.Y. May 6, 2019) (award based upon $500-$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case).

19. Further, the hourly rates for both myself and for CopyCat Legal's paralegals have previously been found to be reasonable by multiple federal courts. See, e.g., Sadowski v. Orion Healthcare Servs., Inc., No. 21-24475-CV-WILLIAMS, 2023 U.S. Dist. LEXIS 47811, at *2 (S.D. Fla. Mar. 21, 2023) (rejecting report and recommendation that undersigned counsel be awarded fees at $385.00 per hour and instead finding that $450.00 per hour was reasonable rate for undersigned counsel); Markos v. The Big and Wild Outdoors LLC, No. 8:22-cv-1258-KKM-AEP, 2023 U.S. Dist. LEXIS 32023, at *25 (M.D. Fla. Feb. 24, 2023) (recommending that undersigned counsel be awarded $450.00 per hour as reasonable hourly rate) (report and recommendation adopted at 2023 U.S. Dist. LEXIS 43151); Sadowski v. Diverse New Media Corp, No. 22-61380-CIV, 2023 U.S. Dist. LEXIS 21791, at *20-21 (S.D. Fla. Jan. 13, 2023) ("The Court further finds that $450.00 is a reasonable hourly rate for Plaintiff's counsel (Daniel DeSouza), that $300.00 is a reasonable hourly rate for the junior associate attorney [Lauren Hausman], and that $125.00 is a reasonable hourly rate for the paralegal in this action given the complexity of the matter, the results obtained, and the experience of Plaintiffs' counsel which the Court found to be substantial."); Patriot Fine Foods, at pp. 11 – 12 ("In light of counsel's experience (*see id.* ¶¶ 2–5), and the prevailing market rates, and Defendant's failure to oppose the reasonableness of the rate, I find that the proposed hourly rate of $450 is reasonable based upon the facts and circumstances of this case, including Defendant's default."); Afford. Aerial Photography, Inc. v. Elegance Transp., Inc., No. 6:21-cv-1166-CEM-LHP, 2022 U.S. Dist. LEXIS 32586, at *29 (M.D. Fla. Feb. 23, 2022) (finding undersigned counsel's $450.00 hourly rate and Ms. Thomas' $125.00 hourly rate to be reasonable in copyright infringement case); Temurian v. Piccolo, No. 18-CV-62737-SMITH/VALLE, 2021 U.S. Dist. LEXIS 63144, at *6 (S.D. Fla. Mar. 30, 2021) (in commercial litigation case, finding undersigned counsel's $400.00 hourly rate reasonable for work performed

from 2018 – 2020). Additionally, the rate for CopyCat Legal's junior associate attorney has previously been found reasonable. See <u>Harrington v Vintage Ways</u>, No. 1:22-CV-0971-TWT (N.D. Ga.) ("The Court further finds . . . that $300.00 is a reasonable hourly rate for the junior associate attorney . . . given the complexity of the matter, the results obtained, and the experience of Plaintiffs' counsel which the Court found to be substantial.").

20. Plaintiff is entitled to recover its reasonable attorneys' fees incurred in this action pursuant to 17 U.S.C. § 505. Plaintiff had incurred reasonable attorneys' fees in the amount of $2,682.50. True copies of CopyCat Legal's billing records, setting forth the time incurred on this matter, are annexed hereto as **Exhibit "1."**

21. I am familiar with the lodestar method of determining the reasonableness of attorneys' fees. The above-described fees are reasonable for the services provided to Plaintiff.

22. In addition, CopyCat Legal incurred $601.75 in actual costs on Plaintiff's behalf in connection with pursuing this lawsuit, all of which is properly taxable. Invoices for such are attached hereto and separately on Plaintiff's Bill of Costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 5, 2024                    /s/ Daniel DeSouza_____
                                          Daniel DeSouza